WHITE (BARKER v.). See Case No. 996.

## Case No. 17,537.

WHITE et al. v. BOKER et al.

[3 Fish. Pat. Cas. 66.] [1]

Circuit Court, S. D. New York. Oct., 1862.

### PATENTS—REPEATING FIRE ARMS.

1. The substance of the invention of Rollin White is in extending the chamber through the cylinder of the revolving pistol, so that it may be loaded by inserting the charge in the rear instead of the front as heretofore.

2. The conical form of the front of the chamber is incidental and embraced, in contemplation of law, all the equivalents, of which a cylindrical chamber and a flanged cartridge is one.

This was a bill in equity [by Rollin White, Horace Smith, and Daniel B. Wesson against Herman Boker. Henry Boker, Jr., and Herman Funke] filed to restrain the defendants from infringing letters patent [No. 12,649] for "improvement in repeating fire arms." granted to Rollin White, April 3, 1855, and more particularly referred to in the case of White v. Allen [Case No. 17,535].

E. W. Stoughton and C. M. Keller, for complainants.

George Gifford, for defendants.

NELSON, Circuit Justice. The bill in this case is filed to restrain the defendants from infringing the patent of Rollin White, issued April 3, 1855, for an improvement in repeating fire arms. After describing the improvement. and the mode of constructing it, the patentee states his claim. the one in dispute, "extending the chambers a. a, of the rotating cylinder. A. right through the rear of the said cylinder. for the purpose of enabling the said chamber

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

to be charged at the rear, either by hand or by a self-acting charger, substantially as described." The description of the cylinder is as follows: "A is a rotating chambered cylinder, having the chambers, a, a, bored right through it, and made slightly conical, with the smallest part in front, in order that a cartridge may be inserted easily in the back, but that the ball may fit tight when it arrives in its place, and not go through till the charge explodes."

The defendants' pistol differs from the plaintiffs' in this, that the chambers are bored cylindrical instead of conical, and a flange is used upon the cartridge, which answers the purpose of the conical chamber. It is argued that this rotating chamber is described and claimed as a whole by White, the patentee, and as the one used by the defendants differs in respect to the form of the chamber, there is no infringement. This, we think, is a mistake. The substance of the invention is in extending the chamber through the cylinder, so that it may be loaded by inserting the charge in the rear instead of the front, as heretofore. The conical form is incidental, with a view of checking the advance of the charge beyond a given point, and embraced, in contemplation of law, all the equivalents, of which the contrivance of the defendants is one; or, at most, the contrivance is but an improvement upon the invention of White, and can not be used upon it without his assent.

There is a good deal of evidence in the case, going to the question of novelty in the improvement of the patentee. We have examined the whole of it, and are satisfied that the weight of it is decidedly with the complainants.

Decree for complainants.